## Madigan v. Flaherty.

1.  Negligence—*Contributory Negligence.*—Where the negligence of the plaintiff contributes materially to the injury there can be no recovery for an injury caused by the mere negligence of a defendant.

Memorandum.—Action in case for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding.   Heard in this court at the March term, A. D. 1893.   Reversed and remanded.   Opinion filed July 12, 1893.

### STATEMENT OF THE CASE.

On the afternoon of the 4th of November, 1890, appellee, a married woman, while in the store of the appellant for shopping purposes, and while in the act of looking at goods, was injured in attempting to sit down upon one of a line of stools which appellant had placed along the counter for the convenience of customers, by reason of the top of the stool being detached.

### APPELLANT'S BRIEF, JAMES MAHER, ATTORNEY.

Where the negligence of the plaintiff contributes materially to the injury, there can be no recovery for an injury caused by the mere negligence of a defendant; it would have to be gross or wanton; such is the law laid down by this court and the Supreme Court. C., B. & Q. R. R. v. Dewey, 26 Ill. 255; Sterne v. Schlothane, 21 Ill. App. 97; Abend v. Terre Haute R. R., 111 Ill. 202; I. C. R. Co. v. Cragin, 71 Ill. 177.

Nor even supposing that both parties were equally negligent could the plaintiff recover. T., P. & W. R. R. v. Riley, 47 Ill. 514; I. C. R. v. Baches, 55 Ill. 379; C. & A. R. R. v. Murray, 62 Ill. 326.

### APPELLEE'S BRIEF, CASE, HOGAN & CASE, ATTORNEYS.

The nature of the duty devolving upon the appellant is tersely stated in the case of Indermaur v. Dames, L. R. 2 C. P. 311, cited in Vol. 1, Thompson on Negligence, page 295, in the opinion of Willes, Justice, as follows: "And with respect to such a visitor at least (referring to a customer buying) we consider it settled law that he, using reasonable care on his part for his own safety, is entitled to expect that the occupier shall on his part use reasonable care to prevent damage from unusual danger which he knows of or ought to know, and that where there is evidence of neglect, the question of whether such reasonable care has been taken by notice, lighting, guarding or otherwise, or whether there was contributory negligence in the sufferer, must be

Madigan v. Flaherty.

determined by the jury as matter of fact;" and again by Shearman & Redfield, Section 704, in their work on Law of Negligence, as follows: "The occupant of land is bound to use ordinary care and diligence to keep his premises in a safe condition for the access of the persons who come thereon by his invitation, express or implied, for the transaction of business or for any other purpose beneficial to him; but if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them by the use of ordinary care to avoid it."

OPINION OF THE COURT, WATERMAN, J.

This was an action brought by the plaintiff, a woman of mature years, to recover damages from a merchant, occasioned by her failure to see that in a row of stools placed in front of a counter for the convenience of customers, there was a post from which the top, which had formerly made it a stool, was absent. The absence of this top, and that it was no longer a place for sitting, was open to view, obvious to any one who looked, yet appellee, without looking, attempted to sit thereon, and in so doing fell to the floor.

Her failure to see what was patent, unconcealed, and without looking attempting to sit down where there was no seat, was such negligence as precludes her from a recovery for injuries thus occasioned.

The use of ordinary care is, in such a case as this, indispensable to the maintenance of the action. C., B. & Q. R. R. Co. v. Johnson, Admr., 103 Ill. 512–521.

There was not, as is alleged in the declaration, resting upon the defendant a duty to provide stools for the use of customers.

The demurrer of the defendant to the evidence should have been sustained.

The judgment of the Superior Court is reversed and the cause remanded.